IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARY FAURE,** | : | Case No. 2:19cv1949 |
| | : | |
| **Plaintiff,** | : | **Judge Smith** |
| | : | |
| v. | : | **Magistrate Judge Vascura** |
| | : | |
| **THE OHIO STATE UNIVERSITY,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

### ANSWER OF DEFENDANTS THE OHIO STATE UNIVERSITY AND MONICA F. COX, Ph.D. TO PLAINTIFF'S COMPLAINT

Now come Defendants The Ohio State University ("OSU") and Monica F. Cox, Ph.D. ("Dr. Cox") (collectively, "Defendants"), and for their Answer to Plaintiff's Complaint, admit, deny, and aver as follows:

1. To the extent Paragraph 1 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, Defendants aver that Plaintiff purports to bring various claims against Defendants, but deny that Plaintiff is entitled to any relief whatsoever. Defendants further deny that they engaged in any discriminatory or retaliatory conduct as alleged by Plaintiff. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. To the extent Paragraph 2 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, Defendants aver that Plaintiff purports to bring various claims against Defendants, but deny that Plaintiff is entitled to any relief whatsoever. Defendant avers that Plaintiff's Charge Affidavit speaks for itself. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. To the extent Paragraph 3 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, subject to the affirmative and other defenses raised below, including the Eleventh Amendment and immunity, Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent Paragraph 4 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. To the extent Paragraph 5 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. To the extent Paragraph 6 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. To the extent Paragraph 7 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, Defendants admit that OSU is located in Franklin County, Ohio. Further answering, subject to the affirmative and other defenses raised below, including the Eleventh Amendment and immunity, Defendants admit that venue is proper in this Court. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that Plaintiff is white and was employed by OSU from 2003 until her termination on or about May 19, 2017; at the time of her termination, Plaintiff held the full-time position of Director of the Engineering Technical Communications ("ETC") program for the Department of Engineering Education ("EED") within OSU's College of Engineering and reported to Dr. Cox, Chair of the EED; Plaintiff had been a lecturer in the OSU English

Department from August 1987 through August 2004 at the Columbus and Newark campuses; and that Plaintiff earned from OSU a Master of Arts, English-Rhetoric and Composition, and a Bachelor of Science in English Education, Composition, and Literature. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny for lack of knowledge or information sufficient to form a belief as to whether OSU has the third largest university campus in the United States. Defendants admit the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that Dr. Cox is African-American and the Chair of the EED at OSU; the founder and owner of STEMinent LLC, a company focused on STEM education assessment and professional development for stakeholders in K-12 education, higher education, and Corporate America; and has engaged in research exploring the persistence of Women of Color faculty in engineering. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Dr. Cox became the Chair of the EED at OSU in January 2016. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants aver that Plaintiff's performance evaluations speak for themselves and deny for lack of knowledge or information sufficient to form a belief as to whether all of Plaintiff's co-workers and superiors viewed their relationship with Plaintiff as consistently positive. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff sent Dr. Cox a program overview report and staff summary in or around January 2016, but deny for lack of knowledge or information sufficient to form a belief as to Plaintiff's intent in sending Dr. Cox this information. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Dr. Cox stated, "Mary Faure. Bringing an agenda to this

meeting," or words to that effect, but deny that Dr. Cox used a dismissive tone. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants aver that Dr. Cox may have generally discussed her background in the meeting. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the date referenced in Paragraph 22 of the Complaint, but admit the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants aver that the article speaks for itself. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the phrase "the month before," but admit the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants aver that the article speaks for itself. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendants aver that the article speaks for itself. Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny for lack of knowledge or information sufficient to form a belief as to whether Plaintiff had seen the article referenced in this paragraph and further deny for lack of knowledge or information sufficient to form a belief as to how Plaintiff felt. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit that Plaintiff sent an email and report to the EED on or about February 3, 2016 and aver that the email and report speak for themselves. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that Plaintiff and Dr. Cox discussed an issue involving one of the lecturers in the technical writing program in or around February 2016. Defendants further aver that the report referenced in this Paragraph speaks for itself. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit that Dr. Cox had a conversation with Plaintiff in or around March 2016 and that Dr. Cox may have commented that Plaintiff was active in several different areas and was "all over the place," or words to that effect, but deny that Dr. Cox snapped at Plaintiff. Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.

37. OSU admits that Plaintiff met with Marty Smith, OSU's Director of Human Resources for the College of Engineering, in February 2016. OSU denies for lack of knowledge or information sufficient to form a belief as to how Plaintiff was "feeling," and denies the remaining allegations in Paragraph 37 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

38. OSU denies the allegations contained in Paragraph 38 of the Complaint. Dr. Cox

denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

39. Defendants deny for lack of knowledge or information sufficient to form a belief as to what Plaintiff "believed." Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendants aver that Plaintiff and Dr. Cox may have discussed Plaintiff's classes in or around March 2016. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. OSU denies the allegations contained in Paragraph 42 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

43. OSU denies for lack of knowledge or information sufficient to form a belief as to whether Plaintiff was frustrated. OSU denies the remaining allegations contained in Paragraph 43 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

44. OSU admits that Plaintiff and Dr. Freuler had a discussion in or around April 2016 in which they discussed Dr. Cox. OSU denies the remaining allegations contained in Paragraph 44 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

45. OSU admits that during Plaintiff's discussion with Dr. Freuler, he told Plaintiff that she could speak to Human Resources regarding any complaints she may have about Dr. Cox.

14152896v1

OSU denies the remaining allegations contained in Paragraph 45 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

46. Defendants deny for lack of knowledge or information sufficient to form a belief as to what Plaintiff learned. Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint for lack of knowledge of information sufficient to form a belief as to what Plaintiff perceived through her experience at OSU.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint for lack of knowledge of information sufficient to form a belief as to what Plaintiff perceived through her experience at OSU.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint for lack of knowledge of information sufficient to form a belief as to the averments contained therein.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained

therein and further deny that Dr. Cox engaged in any discriminatory or retaliatory conduct.

54. Defendants admit that in April 2016, Dr. Cox assigned Plaintiff to be the chair of the EED's Professional Development committee. Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

55. Defendants aver that Plaintiff may have asked questions during her discussion with Dr. Cox and admit that Plaintiff did not receive a formal promotion or additional staff. Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny for lack of knowledge or information sufficient to form a belief as to what Plaintiff learned. Defendants deny the remaining allegations contained in Paragraph 64 of the Complaint.

65. OSU admits that Plaintiff and Mr. Smith had a discussion in or around May 2016 regarding the environment in the EED. OSU denies the remaining allegations contained in Paragraph 65 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 65 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

66. OSU denies the allegations contained in Paragraph 66 of the Complaint. Dr. Cox

8

denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

67. OSU denies the allegations contained in Paragraph 67 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 67 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

68. OSU admits that Plaintiff met with Dr. Lisa Abrams, Associate Director of the EED, in or around May 2016. OSU denies the remaining allegations contained in Paragraph 68 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

69. OSU denies the allegations contained in Paragraph 69 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 69 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit that on or around May 31, 2016, Dr. Cox completed a staff performance review for Plaintiff for the period of June 2015 to May 2016 and aver that the performance review speaks for itself. Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit that Plaintiff received various scores on her student evaluations and further aver that such evaluations speak for themselves. Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit that Plaintiff created a program for undergraduate students and interacted with various individuals regarding student learning needs during her employment at OSU. Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit that Plaintiff interacted with various individuals regarding various topics, including professional development, careers, and communications, during her employment at OSU. Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

75. Defendants admit that Plaintiff had managerial authority and oversight of staff during her employment at OSU; that some staff taught courses for engineering students, including Engineering 2367 and ECE 3090; and that Plaintiff also taught courses. Defendants deny the remaining allegations contained in Paragraph 75 of the Complaint.

76. Defendants admit that Plaintiff provided courses for student groups during her employment at OSU. Defendants deny the remaining allegations contained in Paragraph 76 of the Complaint.

77. Defendants admit that Plaintiff was generally consulted on questions and issues regarding technical writing and oral presentations in academic and industrial settings. Defendants deny the remaining allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit that Plaintiff conducted various workshops during her employment at OSU, including workshops related to writing, communications, digital media, and career development. Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.

79. Defendants admit that Plaintiff served on various committees during her employment at OSU. Defendants deny the remaining allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny that Dr. Cox engaged in any discriminatory or retaliatory conduct and deny the remaining allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny that Dr. Cox engaged in any discriminatory or retaliatory

conduct and deny the remaining allegations contained in Paragraph 81 of the Complaint.

82. Defendants admit that Dr. Cox met with team leaders on or around July 7, 2016. Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants admit that Dr. Cox disbanded the EED's leadership team during this meeting in July 2016. Defendants deny the remaining allegations contained in Paragraph 84 of the Complaint.

85. Defendants admit that Dr. Cox suffered a miscarriage and that she discussed her miscarriage during this July 2016 meeting. Defendants deny the remaining allegations contained in Paragraph 85 of the Complaint.

86. OSU denies the allegations contained in Paragraph 86 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

87. OSU admits that Plaintiff complained to Mr. Smith about Dr. Cox, generally. OSU denies the allegations contained in Paragraph 87 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 87 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein and denies that she engaged in any discriminatory or retaliatory conduct.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants admit that Dr. Cox, Heather Eurez, Human Resources Generalist, and Plaintiff met on or about July 26, 2016. Defendants deny the remaining allegations in Paragraph 89 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

90. Defendants admit that, during this meeting, Plaintiff asked whether she was being

14152896v1

disciplined. Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91. Defendants admit the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny for lack of knowledge or information sufficient to form a belief as to what Plaintiff felt, and deny the remaining allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny for lack of knowledge of information sufficient to form a belief about what Plaintiff learned. Defendants deny the remaining allegations contained in Paragraph 98 of the Complaint.

99. Defendants admit that Dr. Cox, Dr. Abrams, and Marty Smith met with Plaintiff on or about September 14 or September 16, 2016. Defendants deny the remaining allegations contained in Paragraph 99 of the Complaint.

100. Defendants admit the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny for lack of knowledge or information sufficient to form a belief as to whether Plaintiff was surprised, but admit that Mr. Smith told Plaintiff there were concerns about Plaintiff's communication with Dr. Cox. Defendants deny the remaining allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants admit that, after the meeting, Dr. Cox sent Plaintiff an email regarding

Plaintiff's professionalism. Defendants deny the remaining allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny for lack of knowledge or information sufficient to form a belief as to what Plaintiff believes. Defendants deny the remaining allegations contained in Paragraph 104 of the Complaint.

105. Defendants admit the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny for lack of knowledge or information sufficient to form a belief as to how Plaintiff "took" Dr. Cox's question. Defendants deny the remaining allegations contained in Paragraph 106 of the Complaint.

107. OSU avers that Plaintiff and Dr. Abrams may have had a discussion during mid to late September 2016, but denies the remaining allegations contained in Paragraph 107 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 107 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

108. OSU denies the allegations contained in Paragraph 108 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 108 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

109. OSU denies the allegations contained in Paragraph 109 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 109 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants admit that Dr. Cox requested that Plaintiff address her concerns directly with Dr. Cox. Defendants deny the remaining allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

14152896v1

113. Defendants admit that Plaintiff sent the email referenced in Paragraph 113 of the Complaint, but deny that Dr. Cox or Dr. Abrams engaged in the conduct referenced therein. Defendants deny the remaining allegations contained in Paragraph 113 of the Complaint.

114. OSU admits that Dean Williams asked Dr. Rudolph Buchheit (Associate Chair of Academic Affairs) and Mr. Smith to respond to Plaintiff's concerns. OSU further admits that Dr. Buchheit met with Plaintiff in or around early December 2016 and that during that meeting, Plaintiff complained of alleged discrimination by Dr. Cox. OSU denies the remaining allegations contained in Paragraph 114 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 114 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

115. OSU admits that Dr. Buchheit met with Plaintiff in or around early December 2016. OSU denies the remaining allegations contained in Paragraph 115 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 115 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

116. OSU denies for lack of knowledge or information sufficient to form a belief about what Plaintiff believes, and denies the remaining allegations contained in Paragraph 116 of the Complaint. Dr. Cox denies the allegations contained in Paragraph 116 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

117. Defendants admit the allegations contained in Paragraph 117 of the Complaint.

118. Defendants admit that Plaintiff took an FMLA-approved leave of absence for her own serious medical condition in or around April and May 2017. Defendants deny the remaining allegations contained in Paragraph 118 of the Complaint.

119. Defendants admit that after she returned to work, Plaintiff's employment was terminated effective May 19, 2017 for failing to meet the performance expectations required of

14152896v1

her position. Defendants deny the remaining allegations in Paragraph 119 of the Complaint.

120. Defendants aver that this meeting focused on concerns with Plaintiff's performance generally. Defendants deny the remaining allegations contained in Paragraph 120 of the Complaint.

121. Defendants admit that Plaintiff did not bring her concerns with Dr. Cox's February 3, 2016 email and report directly to Dr. Cox and, instead, complained to EED team members, who then informed Dr. Cox of Plaintiff's concerns. Defendants deny the remaining allegations contained in Paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. Defendants aver that Dr. Cox's emails to Plaintiff in response to her complaints to her EED team members speak for themselves. Defendants deny the remaining allegations contained in Paragraph 124 of the Complaint.

125. Defendants aver that OSU's Corrective Action and Involuntary Termination Policy speaks for itself. Defendants deny the remaining allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants admit that Dr. Cox provided documentation to Human Resources regarding Plaintiff's performance issues in October 2016 and provided updates to that documentation in December 2016 and January 2017. Defendants aver that these documents speak for themselves. Defendants deny the remaining allegations contained in Paragraph 127 of the Complaint.

128. Defendants admit that in or around April 2017, Dr. Cox, Marty Smith, Heather Miller, and Dr. Buchheit met to discuss Plaintiff's performance issues. Defendants deny the

remaining allegations contained in Paragraph 128 of the Complaint.

129.  Defendants admit that Dr. Cox provided documentation to Human Resources regarding Plaintiff's performance issues in October 2016 and provided updates to that documentation in December 2016 and January 2017. Defendants aver that these documents speak for themselves. Defendants deny the remaining allegations contained in Paragraph 129 of the Complaint.

130.  Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.  Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.  Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.  Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.  Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.  Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.  Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.  Defendants deny the allegations in Paragraph 137 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

138.  Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.  Defendants deny the allegations in Paragraph 139 of the Complaint.

140.  As to Paragraph 140 of the Complaint, Defendants incorporate the admissions, denials, and averments set forth in the above paragraphs.

141.  Defendants deny the allegations in Paragraph 141 of the Complaint.

142.  As to Paragraph 142 of the Complaint, Defendants incorporate the admissions, denials, and averments set forth in the above paragraphs.

143.  Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.  As to Paragraph 144 of the Complaint, Defendants incorporate the admissions,

denials, and averments set forth in the above paragraphs.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

Defendants deny each and every allegation not expressly admitted to herein.

Defendants deny that Plaintiff is entitled to any of the relief set forth in her prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to a reasonable opportunity for further investigation and without shifting the burden of proof on any issue for which Plaintiff bears that burden, Defendants allege the following affirmative defenses:

1.    Plaintiff's Complaint, in whole or in part, fails to state a cause of action for which relief can be granted against Defendants.

2.    Plaintiff's claims, in whole or in part, may be barred by the applicable statute of limitations.

3.    Plaintiff's Complaint may be barred, in whole or in part, from failure to exhaust administrative remedies.

4.    Plaintiff is barred from obtaining any recovery by reason of her failure to mitigate her damages, if any, or alternatively, any damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

5.    Any acts of Defendants have been lawful, privileged, justified and undertaken in good faith in that, at all times, Defendants were asserting their legal rights with a good-faith belief in those rights.

6.    Any damages suffered by Plaintiff, all of which are denied by Defendants, were a result of Plaintiff's own acts and/or omissions.

7.    There is no individual liability for claims under Title VII of the Civil Rights Act

of 1964 in accordance with *Wathen v. General Elec. Co.*, 115 F.3d 400 (6th Cir. 1997).

8. Defendants had legitimate, non-discriminatory business reasons for their employment actions with respect to Plaintiff.

9. Defendants did not treat Plaintiff differently as compared with similarly-situated employees, if any.

10. Plaintiff did not engage in any protected activity under the First Amendment.

11. Plaintiff did not comment on an issue of public concern.

12. Plaintiff's actions were taken as an employee of Defendant The Ohio State University and are not protected under the First Amendment.

13. Plaintiff's claims against Dr. Cox are barred by the doctrine of qualified immunity.

14. Defendants have an effective policy aimed at preventing and correcting discrimination based upon race or other protected factors, and Plaintiff unreasonably failed to avail herself of that mechanism or otherwise avoid harm.

15. Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory acts or behavior on the part of its employees.

16. Plaintiff's Complaint may be barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

17. Defendants did not engage in any conduct that would enable Plaintiff to receive an award of attorneys' fees, punitive damages, statutory damages, injunctive relief, or interest with regard to any claims asserted by Plaintiff.

18. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence, unclean hands, estoppel, and/or waiver.

19. Plaintiff has failed to attach to the Complaint a copy of the Notice of Right to Sue

from the Equal Employment Opportunity Commission and, therefore, has failed to demonstrate that her Title VII claims may properly proceed before this Court.

20. Plaintiff failed to obtain a determination from the Ohio Court of Claims as to Dr. Cox's immunity from individual liability as required under R.C. §2743.02(F).

21. Defendants respectfully reserve the right to add additional defenses as discovery proceeds.

WHEREFORE, Defendants The Ohio State University and Monica F. Cox, Ph.D. respectfully request that Plaintiff's Complaint be dismissed in its entirety with prejudice, and that the Defendants be awarded all relief, both legal and equitable, including their costs and attorneys' fees incurred in defense of this action, as the Court deems just and proper.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Jill K. Bigler*
Jill K. Bigler (0083789)
Trial Attorney
Marie-Joëlle C. Khouzam (0055908)
Kofi A. Semenya (0093062)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
jbigler@bricker.com
jkhouzam@bricker.com
ksemenya@bricker.com
*Counsel for Defendants*

14152896v1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer of Defendants The Ohio State University and Monica F. Cox, Ph.D. to Plaintiff's Complaint was electronically filed on August 2, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Jill K. Bigler*
Jill K. Bigler (0083789)

14152896v1